Marie Bradshaw Durrant (Utah Bar No. 13199)
Christian C. Stephens (Utah Bar No. 9068)
PACIFICORP
1407 West North Temple, Suite 320
Salt Lake City, Utah 84116
Telephone: (801) 220-2154
marie.durrant@pacificorp.com
christian.stephens@pacificorp.com

*Attorneys for Plaintiff Rocky Mountain Power*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PACIFICORP, , an Oregon corporation,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, and MICHAEL S. REGAN, in his capacity as Administrator of the United States Environmental Protection Agency,<br><br>Defendants. | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>Civil Case No. 2:23-cv-771 |

Plaintiff PacifiCorp, pursuant to the Federal Rules of Civil Procedure, hereby complains against the United States Environmental Protection Agency and Administrator Michael S. Regan, (referred to collectively herein as "Defendants"), and alleges as follows:

## I. INTRODUCTION

1. The Administrator of the United States Environmental Protection Agency ("Administrator" or "EPA") has failed to perform his nondiscretionary duty under the Clean Air

Act to act on a state implementation plan (SIP) for the state of Utah and publish notice of that action in the Federal Register.

2. Pursuant to 42 U.S.C. § 7410(k)(1)(B), the Administrator determined that Utah's SIP was complete on August 23, 2022.

3. Although the Clean Air Act ("CAA") Section 42 U.S.C. § 7410(k)(2) requires the EPA Administrator to act within 12 months of a completeness determination, as of the date of this filing, the Administrator has yet to take action on Utah's SIP.

4. This lawsuit seeks a declaration that the Administrator is in violation of the Clean Air Act and an order compelling the Administrator to take the requisite action regarding Utah's SIP.

## JURISDICTION, VENUE, AND NOTICE

5. This is an action to compel the Administrator to perform a nondiscretionary act or duty under the Clean Air Act. 42 U.S.C. § 7604(a)(2); *id*. § 7410(k)(2)–(3). This Court has jurisdiction over this action pursuant to 42 U.S.C. § 7604(a) and 28 U.S.C. §§ 1331, 1361.

6. Congress has waived sovereign immunity by authorizing this action under 42 U.S.C. § 7604(a)(2).

7. An actual controversy exists between the parties within the meaning of 28 U.S.C. § 2201.

8. The relief requested by Plaintiff is authorized pursuant to 42 U.S.C. § 7604 and 28 U.S.C. §§ 1361, 2201, and 2202.

9. Venue in this judicial district is appropriate pursuant to 28 U.S.C. § 1391(e)(1)(B) because Defendant Michael S. Regan is an officer of the United States, sued for acts and omissions made in his official capacity. A substantial part of the events or omissions giving rise to

the claim occurred in the State of Utah, where PacifiCorp owns and operates electric generating units, which are subject to the federal visibility program as well as the state plan being reviewed by EPA.

10. By email and certified U.S. Mail in a letter dated August 24, 2023, PacifiCorp provided the Administrator with written notice of PacifiCorp's intent to file suit over EPA's failure to act on Utah's Regional Haze SIP described herein, and of PacifiCorp's intent to bring suit to remedy this Clean Air Act violation. EPA regulations provide that notice "shall be deemed given on the postmark date, if served by mail." 40 C.F.R. § 54.2(d). Accordingly, PacifiCorp provided notice pursuant to 42 U.S.C. § 7604(b)(2) and 40 C.F.R. §§ 54.2(a), 54.3(a). A copy of this notice is provided as **Exhibit A** to this Complaint.

## PARTIES

11. PacifiCorp is an Oregon corporation, licensed to do business in Utah, with its principal place of business in Portland, Oregon. PacifiCorp is a regulated electric utility company primarily engaged in the business of generating, transmitting, distributing, and selling electricity. PacifiCorp serves more than 2 million retail electric customers in portions of Utah, Oregon, Wyoming, Washington, Idaho, and California. PacifiCorp's system comprises approximately 16,000 megawatts of capacity from its existing resources, and its fleet of thermal plants (coal-fired and natural gas) comprise roughly two thirds of the firm capacity available in the PacifiCorp system. PacifiCorp has significant interests in Wyoming, where it serves many customers and has several thermal generating units that provide integral and essential power generation for its system.

12. Defendant Michael S. Regan is the EPA Administrator. Administrator Regan is charged with the duty to enforce the CAA, which includes undertaking nondiscretionary duties and actions according to deadlines established by the CAA. See 42 U.S.C. § 7410(k)(1)(B).

## LEGAL BACKGROUND

13. PacifiCorp incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

14. The CAA requires states to adopt SIPs and sets requirements for how a state will meet federal air quality requirements. 42 U.S.C. § 7410(a)(1).

15. Once developed by a state and submitted to EPA, EPA must review the SIP submission and within six months determine whether the SIP submission is complete. 42 U.S.C. § 7410(k)(1)(B).

16. If EPA does not determine completeness within six months of the state's SIP submission, the SIP is deemed complete by operation of law. 42 U.S.C. § 7410(k)(1)(B).

17. Within 12 months of completeness, either as determined by EPA or by operation of law, EPA must act on the SIP submission. 42 U.S.C. § 7410(k)(2).

18. EPA must approve a SIP that satisfies CAA requirements. 42 U.S.C. § 7410(k)(3).

19. Because 42 U.S.C. § 7410(k)(2) imposes a duty on the Administrator to act on a SIP within 12 months of completeness and contains no exceptions, this duty to act is not discretionary.

20. If the Administrator fails to perform a nondiscretionary duty, such as the duty to act on a SIP within 12 months of completeness, the CAA authorizes "any person" to bring suit to compel the Administrator to perform that duty. 42 U.S.C. § 7604(a)(2).

21. The CAA defines "person" as including corporations. 42 U.S.C. § 7602(e).

22. Congress enacted the CAA visibility program to protect visibility in mandatory Class I areas. 42 U.S.C. § 7491(a)(1).

23. Under the visibility program, states with Class I areas must submit a SIP with "emission limits, schedules of compliance and other measures as may be necessary to make reasonable progress toward meeting the national goal" of natural visibility by 2064. 40 CFR 51.300(a), 308(d); 42 U.S.C. § 7491(b)(2); 40 C.F.R. § 51.308(d)(1)(i)(B).

24. The CAA visibility program specifically addresses regional haze. 42 U.S.C. § 7492.

25. By regulation, EPA defines regional haze as "visibility impairment that is caused by the emission of air pollutants from numerous anthropogenic sources located over a wide geographic area." 40 C.F.R. § 51.301.

26. The CAA visibility program is divided into implementation periods, in which a state must submit a revised SIP. 42 U.S.C. § 7491(b)(2)(B); 40 C.F.R. § 51.308(f).

27. The second implementation period began in 2018, but, due to prior delays in implementation of the regional haze program, EPA postponed the deadline for submission of regional haze SIPs for the second planning period until July 31, 2021. Protection of Visibility: Amendments to Requirements for State Plans, Final Rule, 82 Fed. Reg. 3078 (Jan. 10, 2017).

**FACTUAL BACKGROUND**

28. PacifiCorp is an electric utility company providing electricity to approximately 2.1 million customers in Wyoming, Utah, Idaho, Oregon, Washington and California, with approximately 1.0 million of those customers in Utah. PacifiCorp generates electricity in Utah using natural gas and coal, as well as through renewable sources such as hydroelectric and geothermal.

29. The Utah Department of Environmental Quality, Division of Air Quality (UDAQ) implements the CAA (including the visibility program) in Utah. UDAQ provided the Administrator with written notice of its intent to file suit over EPA's failure to act on Utah's Regional Haze SIP described herein, and of its intent to bring suit to remedy this Clean Air Act violation.

30. PacifiCorp is subject to the requirements of federal environmental statutes, including the CAA.

31. PacifiCorp's facilities are subject to the regional haze provisions of the visibility program.

32. The state of Utah submitted a second implementation period regional haze SIP to EPA on August 2, 2022.

33. EPA issued a letter to the Utah Division of Air Quality on August 23, 2022, stating that the Utah's second implementation period regional haze SIP was complete.  A copy of this letter is provided as **Exhibit A** to this Complaint.

34. One year from the date of EPA's completeness determination on Utah's SIP was August 24, 2023.

35. EPA did not act on Utah's second implementation period regional haze SIP by August 24, 2023.

36. To date, EPA has still not acted on Utah's second implementation period regional haze SIP.

## PLAINTIFF'S INJURIES

37. PacifiCorp depends on timely action on SIP submittals for planning purposes. The Administrator's unlawful delay deprives PacifiCorp of certainty in moving forward with development of the plans needed to ensure sufficient generating resources are available to serve its customers because it leaves uncertain the emission control requirements that may apply to different types of resources. Without that information, PacifiCorp cannot determine the costs associated with various resource planning options with certainty, and therefore may not be able to satisfactorily justify plans to the regulatory authorities that must approve those plans.

38. EPA's unlawful delay also results in confusion in implementation of CAA requirements. For example, its prior delays in acting on the first planning period SIPs delayed the certainty the regulated community and states needed to comply, forcing EPA to delay the deadline for submitting second planning period SIPs. Further delay will continue to compound the difficulty in complying with overlapping requirements—already the State of Utah and PacifiCorp have faced significant challenges in trying to develop a second planning period SIP while the requirements of the first planning period remained under review for both Utah and Wyoming. Certainty is critical in implementing the regional haze program, and EPA is obligated by law to provide that certainty because the Clean Air Act requires action with one year. 42 U.S.C. § 7410(k)(2). PacifiCorp's harms will continue to compound until EPA completes this mandatory duty.

## CLAIM FOR RELIEF

39. PacifiCorp incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

40. On August 2, 2022, EPA received a SIP submission from the State of Utah to satisfy the regional haze requirements of the CAA visibility program for the second implementation period.

41. On August 23, 2022, EPA determined that the SIP submittal met the minimum criteria established pursuant to 42 U.S.C. § 7410(k)(1)(A).

42. No later than August 24, 2023, EPA was required to fully or partially approve or disapprove the SIP submittal. 42 U.S.C. § 7410(k)(2) & (3).

43. EPA has not fully or partially approved, or disapproved, Utah's SIP submittal.

44. Consequently, EPA has violated and continues to violate its mandatory duty in 42 U.S.C. § 7410(k)(2).

45. This violation constitutes a "failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator," within the meaning of the Clean Air Act's citizen suit provision. 42 U.S.C. § 7604(a)(2). EPA's violation is ongoing and will continue unless remedied by this Court.

## REQUEST FOR RELIEF

WHEREFORE, PacifiCorp respectfully requests that this Court enter judgment against Defendants in the following manner:

1. A declaration that EPA has violated and continues to violate the Clean Air Act by failing to take final action on Utah's second implementation period regional haze SIP submittal;

2. An order from the Court compelling EPA to take final action on Utah's second implementation period regional haze SIP submittal by a date certain with interim deadlines to

assure compliance with the Court's order;

  3. An order retaining jurisdiction over this matter until such time as EPA has complied with its non-discretionary duty under the Clean Air Act;

  4. An order awarding PacifiCorp its costs of litigation, including reasonable attorneys' fees; and

  5. Such other and further relief as the Court deems just and proper.

Respectfully submitted: October 24, 2023,

        Marie Bradshaw Durrant (Utah Bar No. 13199)
        /s/Christian C. Stephens
        Christian C. Stephens (Utah Bar No. 9068)
        PACIFICORP
        1407 West North Temple, Suite 320
        Salt Lake City, Utah 84116
        Telephone: (801) 220-2154
        marie.durrant@pacificorp.com
        christian.stephens@pacificorp.com

        Attorneys for Plaintiff